liWOODARD, Judge.
Mae Hilda Jack’s personal injury suit against the State of Louisiana was tried before a judge, who, after Jack presented her case, granted the state’s motion to dismiss. Jack appeals that judgment.
FACTS & ACTIONS OF THE TRIAL COURT
Plaintiff-appellant, Mae Hilda Jack, alleges she and her nephew were awaiting treatment for the child in a hospital cubicle at the University Medical Center of Lafayette (UMC), when she was knocked down and injured by another UMC patient, Alex Benjamin. Benjamin behaved as he did because he was in the throes of a panic attack, uncontrollable panic caused when UMC nurse Angela Monceaux insisted on administering to him against his wishes a hypodermic injection in his hip.
*28 Jack sued the State of Louisiana, through its Department of Health and Human Resources and the department’s subsidiary, University Medical Center of Lafayette, ^Louisiana. A bifurcated trial on the issue of liability took place January 10, 1995. After Jack presented her case, the defendants moved for dismissal, which the judge granted.
Jack appeals that decision, assigning one error.
ASSIGNMENT OF ERROR
The sole error that plaintiff assigns is that the judge manifestly erred in failing to find the defendants liable. She maintains that the findings of fact made by the judge, and his ultimate determination as to liability, are not supported by the evidence submitted. Thus, the trial judge manifestly erred, and his decision must therefore be reversed.
LAW & ARGUMENT
The panoply of legal precepts as to the applicable standard of appellate review was recently comprehensively recapitulated by the Louisiana Supreme Court in Stobart v. State Through DOTD, 617 So.2d 880, 882, 883 (La.1993):
A court of appeal may not set aside a trial court’s or a jury’s finding of fact in the absence of “manifest error” or unless it is “clearly wrong.” Rosell v. ESCO, 549 So.2d 840 (La.1989). This court has announced a two-part test for the reversal of a factfinder’s determinations:
1) The appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and
2) the appellate court must further determine that the record establishes that the finding is clearly wrong (manifestly erroneous).
See Mart v. Hill, 505 So.2d 1120, 1127 (La.1987).
This test dictates that a reviewing court must do more than simply review the record for some evidence which supports or controverts the trial court’s finding. Id. The reviewing court must review the record in its entirety to determine whether the trial court’s finding was clearly wrong or manifestly erroneous.
Nevertheless, the issue to be resolved by a reviewing court is not whether the trier of fact was right or wrong, but whether the factfinder’s conclusion was á reasonable one. See generally, Cosse v. Allen-Bradley Co., 601 So.2d 1349, 1351 (La.1992); Housley v. Cerise, 579 So.2d 973 (La.1991); Sistler v. Liberty Mutual Ins. Co., 558 So.2d 1106, 1112 (La.1990). Even though an appellate court may feel its own evaluations and inferences are more reasonable than the factfinder’s, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. Rosell v. ESCO, 549 So.2d 840 (La.1989); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). However, where documents or objective evidence so contradict the witness’s story, or the story itself is so internally inconsistent or implausible on its face, that a reasonable factfinder would not credit the witness’s story, the court of appeal may find manifest error or clear wrongness even in a finding purportedly based upon a credibility determination. Rosell, 549 So.2d at 844-45. Nonetheless, this Court has emphasized that “the reviewing court must always keep in mind that ‘if the trial court or jury’s findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.’” Housley v. Cerise, 579 So.2d 973 (La.1991) (quoting Sistler v. Liberty Mutual Ins. Co., 558 So.2d 1106, 1112 (La.1990)).
This court has recognized that “[t]he reason for this well-settled principle of review is based not only upon the trial court’s better capacity to evaluate live witnesses (as compared with the appellate court’s access only to a cold record), but also upon the proper allocation of trial and appellate functions between the respective courts.” Canter v. Koehring Co., 283 So.2d 716 (La.1973). Thus, where two permissible views of the evidence exist, the *29 factfinder’s choice between them cannot be manifestly erroneous or clearly wrong. Id.
In this case, the trier of fact had to choose between conflicting versions of what happened. Jack claims that Nurse Monceaux should have taken precautions against the foreseeable possibility that Benjamin could become violent and combative; foreseeable, contends Jack, because she overheard Benjamin strenuously protesting the imminent injection. Moreover, Jack further argues, even if the panic attack were not reasonably foreseeable, Benjamin’s violent behavior was, once the panic attack commenced. Nurse Monceaux should have reasonably anticipated a risk of harm to the woman and child nearby when Benjamin began acting in a bizarre, then violent, manner, and at that point it clearly became her duty to protect Jack and her nephew. Instead, not only did Nurse Monceaux not protect Jack and her nephew, she prevented Jack from leaving the cubicle for sanctuary by ordering her to stay there.
Witnesses for the defendants, however, testified differently from Jack. According to Nurse Monceaux, she had a specific recollection of discussing the matter of hypodermic injections with Benjamin, and he did not object to the proposed | injections. Although “shy” of the needle, perhaps, as most persons normally are, she did not discern any unusual fear. Dr. Patrick Gillespie, the treating physician, corroborated the nurse on this point. He testified that both he and Nurse Mon-ceaux queried Benjamin as to a. fear of needles, and concluded from his responses that any fear he might have was no more than that which was normal. Dr. Gillespie denied that Benjamin displayed unusual visible fear, and he stated that any fears Benjamin may have harbored seemed assuaged when it was explained that the injection was necessary and the pain fleeting. Besides, as Dr. Gillespie testified, the entire episode, from when Benjamin’s abnormal and unexpected reaction first manifested itself to when he was subdued, ran its course in about thirty seconds. Furthermore, the record supports the defendants’ contention that had Jack stayed where she was, as instructed by Nurse Mon-ceaux, she would not have been knocked down by Benjamin. The incident in question did not happen while Jack was in her assigned cubicle, but rather occurred when she fled the cubicle and tried to leave the emergency room against Nurse Monceaux’s instructions and advice.
A review of the entire record reveals that the trial judge made reasonable evaluations of credibility and reasonable inferences of fact as to what happened and why it happened. Stobart, 617 So.2d 880. The trier of fact had to choose between two permissible views, as set forth in the testimony of the respective parties’ witnesses. Id. He chose the defendants’ view over the plaintiffs, and the record in its entirety supports a finding that his choice was not unreasonable. Id. We cannot say that the stories of Nurse Monceaux and Dr. Gillespie are so internally inconsistent or implausible on their face that a reasonable factfinder would not have credited, nor are there documents or objective evidence that contradicts their stories. Id. Where two permissible views of the evidence exist, the factfinder’s choice between them cannot be manifestly erroneous or clearly wrong. Id.
The jurisprudence clearly holds that the duty of a facility, such as UMC, to exercise reasonable care for the safety of persons on its premises, and the duty not to expose such persons to unreasonable risks of injury or harm, does not extend to unforeseeable or unanticipated acts by third persons. Mundy v. Dept. Of Health & Human Res., 620 So.2d 811 (La.1993). Given the swiftness of Benjamin’s unfortunate reaction to the injection, and the actions of hospital staff, both before and after the injection, it was reasonable for the trial judge to conclude that Nurse IsMonceaux and Doctor Gillespie did all they reasonably could have under the circumstances to anticipate and avert the unexpected and unforeseeable misfortune.
Thus, a review of the record in its entirety reveals that the trial court’s decision was a reasonable one, and we find that the trial court’s decision was not manifestly erroneous.
*30 CONCLUSIONS
For the reasons set forth in this opinion, the judgment of the trial court is affirmed. Plaintiff-appellant, Mae Hilda Jack, is cast with all costs of this appeal.
AFFIRMED.
SAUNDERS, J., dissents.